Timothy W. Gist
Wyoming State Bar No. 6-3122
Assistant United States Attorney
District of Wyoming
P.O. Box 449
Lander, WY 82520
(307) 332-8195
timothy.gist@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Criminal No. 23-CR-107-SWS |
| **LOUIS WHITEPLUME,** | |
| Defendant. | |

### GOVERNMENT'S MOTION FOR LEAVE TO FILE MOTION TO EXCLUDE EXPERT TESTIMONY and MOTION TO EXCLUDE EXPERT WITNESS TESTIMONY OF CHRISTIAN MAMMARELLA

The United States of America, by and through its undersigned counsel, respectfully moves for leave to file a motion to exclude expert testimony and to exclude from trial the testimony of Defendant's expert witness, Christian Mammarella. Defendant's notice of his intent to offer Mr. Mammarella's testimony does not comply with Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure. Specifically, Defendant's notice does not contain any opinions Mr. Mammarella would purport to testify to, let alone a complete statement of all opinions the defense will elicit from Mr. Mammarella, and it does not set forth the bases and reasons for such unrevealed opinions. Additionally, Defendant's notice indicates Mr. Mammarella's testimony will rely on his review of four months of cell phone records and cell phone tower records. Defendant has, to date, failed to

provide the United States with any report from Mr. Mammarella and has not provided the United States with the cell phone and cell tower records reviewed and relied upon in forming the basis of whatever opinions he has reached. Defendant's inadequate notice makes it impossible for the government to ascertain if the proposed testimony is relevant and reliable, prepare to cross-examine Mr. Mammarella, and to secure opposing expert testimony if needed. The court should accordingly exclude Mr. Mammarella's testimony.

### I.     Factual Background

Defendant is charged with a single count of failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). ECF No. 1. Trial is scheduled to begin on October 23, 2023. ECF No. 43.

On July 27, 2023, the court entered a Discovery and Scheduling Order (the Order) which served to establish deadlines in this matter. Specifically, the Order required the Defendant to disclose to the government no later than twenty-one (21) days prior to trial a written summary of testimony the Defendant intends to use under Federal Rules of Evidence 702, 703, or 705 during its case-in-chief at trial. The Order also directed that all other pretrial motions shall be filed no later than fourteen (14) days prior to trial. The government's motion is one day late, and the government requests leave from the Court to file this motion.

On September 5, 2023, the Defendant filed a motion to extend his expert disclosure deadline for one-week. ECF No. 32. At the time, trial was scheduled to begin on September 25, 2023, and the Defendant declined to provide the government with the barest information concerning the nature or subject area his intended expert would be called upon to testify. The United States objected to Defendant's request and requested a hearing on Defendant's motion. The court granted Defendant's motion without hearing on September 6, 2023, and ordered the Defendant to file any expert witness designation on or before September 12, 2023. ECF No. 36.

On September 7, 2023, Defendant moved to continue trial. ECF No. 38. The Court granted Defendant's motion on September 12, 2023. ECF No. 43.

On September 12, 2023, Defendant filed his notice of intent to offer the expert testimony of Christian Mammarella (the Notice or disclosure), a cell phone forensics and cell tower analyst. ECF No. 45. Mr. Mammarella's curriculum vitae was attached as Exhibit A. ECF No. 45-1. Mr. Mammarella did not approve and sign the Notice. The Notice provided in total:

> Mr. Mammarella's testimony will be based on (1) his review of cell phone records for the phone number 307-212-1251 during the months of March, April, May, and June 2023; (2) his training; (3) his experience working with cell phone tower location records. Mr. Mammarella will testify to his observations regarding the geographic location of the towers utilized by the cell phone number 307-212-1251 during the months of March, April, May, and June 2023, the geographic area of those towers' service, the timing of the calls made through those towers and the phone numbers that were receiving or delivering calls with the number according to the records.

ECF No. 45. The Notice also provided that "[t]he Defense may supplement the notice of expert witness testimony pursuant to the continuing duty to disclose. Fed. R. Crim. P. 16." *Id.* at 2. The Notice provided the government with no indication of the opinions Mr. Mammarella will offer at trial, and no bases and reason for those unstated opinions. The Notice was not signed by Mr. Mammarella and the Defendant provided no reason why he could not obtain Mr. Mammarella's signature through reasonable efforts. The Defendant had not previously provided the government with a signed report from Mr. Mammarella, and none was referenced in the Notice.

### II.   **Defendant's Expert Disclosure Is Insufficient Under Fed. R. Crim. P. 16(b)(1)(C)**

Federal Rule of Criminal Procedure 16(b)(1)(C)(iii) requires that a defense expert disclosure must contain a "complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief" and "the bases and reasons for them." Fed. R. Crim.

P. 16(b)(1)(C)(iii); *see also* Fed. R. Crim. P. 16(a)(1)(G)(ii) (applying the same rule to government expert disclosures). The disclosure is to be approved and signed by the witness unless the defendant states why the signature could not be reasonably obtained, or the defendant has previously provided a signed report containing all the witness's opinions and the bases and reasons for them required by (iii). Fed. R. Crim. P. 16(b)(1)(C)(iv).

The current language of the rule reflects a recent 2022 amendment to Rule 16's expert disclosure requirements. The present and controlling version of Rule 16 became effective on December 1, 2022. The amendment's stated purpose was to cure perceived deficiencies of expert notices in practice. *See* Advisory Committee on Criminal Rules, Report of the Advisory Committee on Criminal Rules at 4 (June 1, 2021).[1] The prior rule required only a "written summary" of the proffered expert testimony. *See* Fed. R. Crim. P. 16(b)(1)(C) (2021).

The insufficiency of Defendant's disclosure is apparent on the face of the Notice – it contains no details of Mr. Mammarella's opinions to be elicited, no facts and data relied upon, and it is devoid of the principles and methods used to reach the undisclosed conclusions. The Notice is wholly lacking and fails to provide even the barest adherence to Rule 16(b)(1)(C), and it is insufficient to put the government on notice of what the witness will testify to, the opinions he holds, and whether such are the product of true expertise and reliable application of principles used in the field.[2] The Defendant's notice is so lacking in detail that it provides the government with no notice, besides subject matter, as to what Mr. Mammarella will testify to at trial. And it provides

---

[1] https://www.uscourts.gov/sites/default/files/criminal_rules_report_-_june_2021_0.pdf#:~:text=The%20amendment%20clarifies%20the%20scope%20and%20timing%20of,witnesses%20and%20secure%20opposing%20expert%20testimony%20if%20needed.

[2] Even under the prior version of Rule 16, Defendant's disclosure is wholly deficient as it contains no summary of the opinions on which Mr. Mammarella can be anticipated to testify nor any bases and reasons for those opinions.

neither the government nor the Court with an ability to determine if the proposed testimony is relevant and reliable under Rule 702 of the Federal Rules of Evidence.

At a minimum, Defendant's notice should be expected to contain a detailed recitation of the cell phone and cell site location and tower records reviewed and relied upon,[3] the information obtained from those records, the opinions derived from the review of those records, and the methodology(ies), conclusions, and reliability of the proposed testimony. Alternatively, in the absence of a complete statement of all opinions and the bases and reasons for them being contained in the filed disclosure, the Defendant is required to have previously provided the witness's report containing such to the government. The government anticipates such a report would detail Mr. Mammarella's review of records, methodologies, conclusions, and the opinions he's prepared to offer at trial. No report was attached to or referenced in the Defendant's September 12, 2023 disclosure and, to date, none has been provided to the government.

The Defendant cannot be ignorant of that which Rule 16 requires. The Court should not allow the Defendant to advance Mr. Mammarella's testimony and impermissibly surprise the government at trial. Such "insufficient pretrial disclosure of expert witnesses" is precisely the conduct that amended Rule 16 was intended to guard against. *See* Footnote 1, Advisory Committee on Criminal Rules, Report of the Advisory Committee on Criminal Rules at 2 (June 1, 2021) ([The amended rule] is meant to facilitate trial preparation, allowing the parties a fair opportunity to prepare to cross-examine expert witnesses and secure opposing expert testimony if needed."). The Defendant's disclosure leaves the government entirely in the dark about precisely what Mr. Mammarella will testify to at trial. Consequently, the government: (1) cannot properly prepare to

---

[3] Pursuant to the Discovery and Scheduling Order, ECF No. 14, noted supra, the Defendant was required to provide the government with reciprocal disclosures no later than twenty-eight (28) days after the government's Rule 16 disclosures. To date, the government has not received any of the cell phone and tower location records the Defendant asserts Mr. Mammarella's testimony will be based upon.

meet his testimony at trial; (2) does not have a fair opportunity to prepare to cross-examine him; and (3) cannot identify, consult with, and secure an expert of its own to present opposing testimony should it be necessary to do so.

### III. Conclusion

The Defendant has not properly noticed and disclosed expert testimony. For the foregoing reasons, the Court should exclude Mr. Mammarella's testimony from trial for lack of adequate notice and failure to adhere to Rule 16.

DATED this 11th day of October 2023.

                                        NICHOLAS VASSALLO
                                        United States Attorney

By:      */s/ Timothy W. Gist*
         TIMOTHY W. GIST
         Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of October 2023, the foregoing was electronically filed and consequently served on defense counsel.

                                                */s/ Amanda Hudson*
                                     For the United States Attorney's Office